UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANS THOMAS,

    Petitioner,                                     Civil No. 2:08-CV-14707
                                                   HONORABLE ARTHUR J. TARNOW
v.                                                 UNITED STATES DISTRICT JUDGE

NICK J. LUDWICK,

    Respondent,
_____/

**OPINION AND ORDER ON REMAND GRANTING IN PART AND DENYING IN PART
A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner filed a habeas corpus petition, which the Court denied on March 29, 2010. The Court also issued a certificate of appealability (COA) and granted petitioner leave to appeal *in forma pauperis. Thomas v. Ludwick,* No. 2010 WL 1257785 (E.D. Mich. March 29, 2010). Petitioner has now filed a notice of appeal with the Sixth Circuit.

On April 28, 2010, Ray G. Ford, the Case Manager for the United States Court of Appeals for the Sixth Circuit, sent a letter to Mr. David J. Weaver of this Court. Mr. Ford stated that a review of the papers in his possession indicates that this Court never granted or denied a certificate of appealability. The letter further directed this Court to "specify the issues that it is certifying as worthy of a certificate."

Contrary to Mr. Ford's assertion, this Court issued a certificate of appealability on all of petitioner's claims, because "jurists of reason would find its assessment of the

1

constitutional claims debatable or wrong." *Thomas,* No. 2010 WL 1257785 , Slip. Op. at * 10.

Moreover, this Court was certain of the correctness of its decision granting a certificate of appealability on all of petitioner's claims. The Court believed all reasonable jurists would concur. Obviously, they have not, "[t]hus substantiating the premise that an opportunity for appeal should not rest on the court from whose decision an appeal is sought." *See Bradley v. Birkett,* No. 2006 WL 212024, * 1 (E.D. Mich. January 27, 2006). This Court invested substantial time in consideration of each of petitioner's claims, as evidenced by the Court's original 19 page opinion denying habeas corpus relief. The Court thought it unnecessary to reiterate its reasoning and analysis of the issues in its order granting a certificate of appealability, particularly since the Court's ruling on the certificate of appealability was contained in the same opinion denying habeas relief, as mandated by Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

This belief is further buttressed by the Sixth Circuit's practice of regularly denying certificates of appealability in short orders containing no "individualized assessment" as to each of the claims presented. *Id.* (*See e.g. Wigley v. Yukins*, No. 04-1866 (6th Cir. Apr. 25, 2005)(blanket denial of a certificate of appealability by the Sixth Circuit).

In addition to not requiring an individualized assessment of each claim in its own orders addressing certificates of appealability, the Court of Appeals does not consistently require district courts to engage in an individualized assessment of claims when a district court denies a certificate of appealability. *Bradley,* No. 2006 WL 212024,

*Thomas v. Ludwick,* U.S.D.C. No. 08-14707 at * 1. Although the Sixth Circuit Court of Appeals has held both that blanket denials and blanket grants of COAs are inappropriate, *See Murphy v. Ohio*, 263 F. 3d 466, 467 (6th Cir. 2001), in practice, the Court of Appeals frequently overlooks a district court's failure to make an individualized assessment of each claim where the district court's blanket determination results in the denial of a certificate of appealability. *Bradley,* No. 2006 WL 212024, at * 2 and n. 3 (collecting cases). Thus, the Sixth Circuit has not remanded cases where the district court denied a certificate of appealability by simply relying on the reasons set forth in the court's opinion denying habeas corpus relief. *Id.*

As this Court has previously noted, this disparate treatment of COA orders depending upon whether a COA is granted or denied is not mandated by the statutory language of 28 U.S.C. § 2253, nor is it mandated by Supreme Court precedent. *Bradley,* No. 2006 WL 212024, at * 2.

This Court also notes that habeas corpus petitioners seeking to appeal the denial of habeas relief suffer greater obstacles to appeal than does the State in that the State need not seek a certificate of appealability when appealing a district court's decision granting habeas corpus relief. *Bradley,* 2006 WL 212024, at * 2, n. 4. This disparate treatment is based upon Fed. R.App. P. 22(b)(3), which states: "A certificate of appealability is not required when a state or its representative or the United States or its representative appeals." *Id.*

Nevertheless, the Court is constrained to follow the directive contained in the Sixth Circuit's letter request and shall set forth, in detail, each of the claims for which the Court grants a certificate of appealability.

3

*Thomas v. Ludwick,* U.S.D.C. No. 08-14707

## II. Discussion

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

**A. Claims # 1 and # 3. The Confrontation Clause/ineffective assistance of counsel claims.**

In his first claim, petitioner alleged that the trial court violated his right to confrontation when it permitted co-defendant Lamar Roberts' statement to Jerry Bigham about petitioner's role in the crimes to be admitted into evidence. In his third claim, petitioner argued that his right to confrontation was violated when the trial court severed co-defendant Roberts' case from petitioner's case at the end of the prosecution's proofs and permitted petitioner's case to go to the jury without the jury first hearing Roberts' testimony. Petitioner further argued that counsel was ineffective for failing to object to the untimely severance of his case from Roberts' case.

Although the Court believes that its resolution of these claims was correct, the Court will nonetheless grant petitioner a certificate of appealability on his Confrontation

4

*Thomas v. Ludwick,* U.S.D.C. No. 08-14707

Clause claims, because jurists of reason could debate this Court's resolution of the claims. *See e.g. Lave v. Detke,* 416 F. 3d 372, 378-79 (5th Cir. 2004); *See also Robinson v. Stegall,* 157 F. Supp. 2d 802, 824 (E.D. Mich. 2001). Because jurists of reason would find the Court's resolution of petitioner's related ineffective assistance of counsel claim to be debatable, the Court will grant a certificate of appealability with respect to petitioner's related ineffective assistance of counsel claim. *See Petrocelli v. Angelone,* 248 F. 3d 877, 887 (4th Cir. 2001).

### B. Claim # 2. The mistrial claim.

Petitioner next contended that the trial court should have declared a mistrial after Jerry Bigham testified that he knew that petitioner "used to be a big drug dealer" and made similar comments about the co-defendants. This Court rejected the claim for reasons stated in greater detail in the opinion and order denying habeas relief. Although this Court believes that its resolution of this claim was correct, the Court will grant petitioner a certificate of appealability on this claim, because jurists of reason could debate whether the trial court's decision not to declare a mistrial was contrary to, or an unreasonable application of, federal law, or that the state court decision was based on an unreasonable determination of the facts. *See Nichols v. Bell,* 440 F. Supp. 2d 847, 859 (E.D. Tenn. 2006).

### C. Claims # 4 and # 5. The sufficiency of evidence claims.

In his fourth and fifth claims, petitioner challenged the sufficiency of the evidence to convict him. Although the Court believes that its decision to reject these claims was correct, the Court will grant petitioner a certificate of appealability on his fourth and fifth

5

claims, because jurists of reason could find this Court's resolution of petitioner's sufficiency of evidence claims to be debatable. *See Nealy v. Dretke,* 172 Fed. Appx. 593, 596 (5th Cir. 2006).

### D.  Claim # 6.  The lesser included offense instruction claim.

Petitioner next contended that the trial court erred in refusing to instruct the jury on second-degree murder as a lesser included offense to first-degree felony murder.

The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)).  Because there is no clearly-established federal constitutional right to a lesser included offense instruction in a non-capital case, petitioner is not entitled to a certificate of appealability on his sixth claim. *See Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir. 2004).

### E.  Claim # 7.  The great weight of the evidence claim.

In his seventh claim, petitioner contended that the verdict went against the great weight of the evidence.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002).   This Court therefore declines to issue a certificate of appealability on petitioner's great weight of the evidence claim. *See Artis v. Collins,* 14 Fed. Appx. 387

(6th Cir. 2001)(declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence).

### F. Claim # 8. The cumulative errors claim.

Petitioner lastly alleges that he is entitled to habeas relief because of cumulative error. The Sixth Circuit has noted that the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F. 3d 416, 447 (6th Cir. 2002). Petitioner is therefore not entitled to a certificate of appealability on this claim.

### ORDER

**IT IS HEREBY ORDERED** that a certificate of appealability shall be issued with respect to petitioner's first, second, third, fourth and fifth claims. The certificate of appealability shall be **DENIED** with respect to petitioner's sixth, seventh, and eighth claims.

                                                            S/Arthur J. Tarnow
                                                            Arthur J. Tarnow
                                                            United States District Judge

Dated: April 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2010, by electronic and/or ordinary mail.

                                                            S/Catherine A. Pickles
                                                            Judicial Secretary